Good morning, Gerald Brandon appearing on behalf of Petitioner Bean. The District Court correctly found that there was constitutional error in this case and the issue is harmless, whether that error was harmless. And I think that discussion of harmlessness really has to start with People v. French, which let People v. French, the California Supreme Court laid out the criminal law procedure for assessing harmlessness under these circumstances and specifically in the circumstance we have here, which is a case involving the application of Cunningham to cases where there was a plea. And the court applied the harmlessness analysis to determine whether a jury, considering at least one on by the state sentencing court, would have unquestionably found it to be true beyond a reasonable doubt. The error would be harmless, they went on to point out, citing Netter, if the evidence supporting that factor is overwhelming and uncontested and there is no evidence that could rationally lead to a contrary finding. Here there is, there was quite a bit of evidence that could lead to a contrary finding and therefore the error is not harmless. Butler doesn't cite French, but it goes on to apply the same harmless error analysis that the French Court applied and thereby following state court law, which this court is obligated to do. On the question of whether it's harmless error, isn't that a Federal question? Well, it is a Federal question, but how You said that we have to apply state law. You have to apply state sentencing law. Well, in other words, I don't know the scope of the inquiry we can make as to harmlessness, but for instance, suppose there's a factor that the judge didn't consider, right, on reaching the upper term that would support an upper term finding without a jury, without a jury finding on any issues such as a prior conviction. Would that make it harmless? Well, I think the question is what the jury would have done, not what the court I mean, why is the harmless error confined to what the jury would have done? In other words, the question is whether or not, you know, the, isn't it, whether or not the, the sentence is unconstitutional? Correct. And wouldn't it be constitutional if it's supported by a prior conviction, which doesn't require a jury finding? But there was no finding. The court did not find a prior conviction. In other words, Well, that's the question. I mean, why does the court have to find it? Who says the court has to find it? Well, that's, that's the approach that French took. Well, but that's the California, that's the California approach. Doesn't mean you have to take that approach in a, in the, you know, the same approach was taken in Butler as well. But Butler doesn't say that's the only approach. Well, they, they analyze those factors that were found by the state sentencing court as well. I understand that. But Butler doesn't say this is the only way, the only way you can inquire into harmlessness, does it? That's one way to do it, but doesn't necessarily mean it's the only way, does it? Well, what happened in this case was this, this case to do it any other way is to violate the state's right to conduct its own criminal justice in the way it wants. In other words, I, I filed a 28-J letter citing Garcia and Jacquez. And these are two, two especially Jacquez, which found that although there was insufficient evidence of inhabitation in a, in an arson case the jury necessarily found all the facts essential to convict the, the petitioner of a lesser included offense. And they concluded that habeas remedy should not unnecessarily infringe on the competing interests, such as a state interest in the administration of criminal justice. And that's what happened. Okay, so let me review the bidding here, since I, I, I, I risk getting lost. Assuming that Apprendi applies here such that if we're going to move the sentencing range up into the higher level, and that we need to find some prerequisite that will allow that to happen. And assuming under Almendorra's torus that a prior conviction will do the trick, what criteria under state law need to be fulfilled by these prior convictions? My understanding of state law is you either need multiple conviction, or numerous prior convictions, or you need convictions increasing in, prior convictions that are increasing in seriousness. Am I so, so far so good? What are the prior convictions? Well, there's just a, he has a, a prior conviction for misdemeanor battery. Yeah. And that was it. No, there's a prior conviction for driving without a license. Oh, driving without a license, yeah. But those are the two convictions. Right. Number one, are they numerous? No, there are only two of them. And number two, are they increasing in seriousness? Well, and it, it, it, it, I, I, I don't see either criteria, are you listening? I don't see either of the two criteria fulfilled, even if we can consult the prior convictions. Well, can we, can, can we really do an end run around the state court's own decision about what aggravating circumstance to apply? The state sentencing court applied, decided what aggravating circumstance was applicable. And it didn't, it didn't cite any of those. Well, I'm even willing to get past that argument in favor of the state and look to what the aggravating circumstances could have been. And I don't see that either of the two prior convictions fulfills state law, even if I can look at them. Well, in any event. This is, this is a softball for you. In any event, this court has held in Jack Kez or in Garcia that, you know, this, it should allow the state to correct its own constitutional errors. And so in any event, this court has to remand. Well, would you be, would you be satisfied with that process? In other words, if we send it back to the state court saying, well, take a look and see if the record supports the, you know, the aggravating term on the basis of increasingly serious conviction? Well, I don't think this court can dictate that to the state court. Well, that's what, isn't that what Garcia said? Not dictate, he said, you look at that, make up your mind. Well, that you could, you could remand back and ask the state court to, there's a constitution to correct the constitutional error. And they'll do it in whatever way they do it, or not. Would you be satisfied with that kind of? Well, I think the error is harmless, is not harmless here, based on facts. What case counsel says that we're limited to looking at factors that are explicitly articulated or relied upon by the sentencing court. What case says that? Couldn't we look at the record as a whole and say, well, perhaps the sentencing court articulated this particular factor, and that factor needed to be found by the jury. But we're looking at the record, and the record demonstrates a basis for the upper term sentence. And so therefore, there's no Sixth Amendment violation. For example, we can look at the record and see that this particular petitioner has a criminal history that's numerous and increasing in seriousness, or increasing in seriousness. And that renders him eligible for the upper term. Therefore, we're not going to look at the other factors that may have been articulated by the sentencing court in determining whether the court should exercise its discretion to sentence the defendant to the upper term. Couldn't we look at the record that way? I don't see anything in the case, law, state, or federal, that requires us to be limited to just the grounds articulated by the trial court. Well, you could do that in the abstract, but procedurally, I think you have to remand to the state and let them correct the constitutional error. I don't think you can direct them. You cannot direct them to, for example, sentence to a lesser included offense. Well, under Judge Nguyen's approach, we wouldn't be directing anything. We would just simply, you know, affirm the judgment in the state court, because there's no constitutional harmful error. We don't have to send anything back, right? Well, the court of appeal didn't even address the issue below. Well, as I see it, counsel, the question really is whether there is a Sixth Amendment violation here. Is there something in the record that demonstrates that this particular defendant was eligible for the upper term sentence versus the presumptive middle term? And so the sentencing court says, well, I've looked at the probation report, and I'm going to exercise my discretion to sentence him to the upper term. And then that ground that's articulated by the trial court really isn't supported, because that needed to be found by the jury. But the probation report does demonstrate a criminal history. Couldn't we look directly to the criminal history and determine that this particular defendant was eligible for the upper term? And so once he's eligible, the sentencing court is free to exercise his discretion to sentence him to whatever range that's permissible under state law, whether that be the middle term or the upper term. What is wrong with looking at it that way? Analytically, what is wrong with that? The state court didn't make that decision, and then you're proposing that this court should make that decision for the state court. Isn't the state, the state sentencing court is the body that, or the authority that's supposed to decide on the sentence. Now, in this particular case, I'm sure the judge was aware of all the aggravating and mitigating circumstances. In fact, he picked out one aggravating circumstance, planning, and one mitigating circumstance, early plea, and decided that the mitigating circumstances- So assuming that we don't agree with you, and we haven't discussed it, so I don't know how my colleagues feel about this, but assuming that we don't agree with you, that gets back to Judge Fletcher's question, in looking at this criminal history, do you think it is sufficient to render him eligible for the upper term? Theoretically speaking, yes. I mean, nobody could deny that you could go back and find an aggravating circumstance that applies. No, I don't think you're sufficiently focused on the nature of my question. There are two possible ways that the prior convictions can make him eligible for the higher term. One of them is that there are numerous prior convictions, and the other is that the prior convictions are of increasing seriousness. So, I'm not sure there's much theoretical about it. I'm asking, are two convictions numerous? And I'm asking, are, when the first conviction is battery, and the second conviction is driving without a license and insurance, are those convictions of increasing seriousness? Now, I'm not sure we should decide that question, because it would be a question of state law. But I have to say, I'm a little skeptical that we either have numerous convictions, or convictions that are increasing seriousness. I'm skeptical of those two. I don't think they're numerous. And I don't think they're necessarily of increasing seriousness if you consider the evidence presented at the sentencing which shows that he could have been acting in self-defense, if that's the case. He could have been acting in self-defense in this case? Yeah. Yeah, but that's irrelevant to the nature of the prior convictions and whether those two criteria are satisfied. Well, I think, whether it's more serious or not, the offense is more serious. No, the statute says you're eligible for the higher level. If the prior convictions are of increasing seriousness, the current conviction is irrelevant to that determination. So if you're looking at increasing seriousness, the current conviction is irrelevant, because the statute says prior convictions. Okay, under that interpretation, no, they're not increasing seriousness. They're not increasing seriousness, but what's the statute? Yeah, they're not increasing seriousness. Okay, let's hear from the other side. Good morning, Carlos Martinez from the California Attorney General's Office, representing the Respondent Appealee. Legal authority is the beginning and end of the Sixth Amendment Inquiry. I wanted to address the judge's question regarding the factors in aggravation in this case. There are actually two factors in aggravation. The first one is being engaged in violent conduct, indicating a serious danger to society. Well, he committed voluntary manslaughter. He admitted that he used a firearm. So that is a factor in aggravation. But under Apprendi, doesn't that have to be found by the jury? Or admitted by the defendant. Well, but the characterization of it, doesn't it have to be found by the jury? According to Blakely, the statutory maximum is what the defendant's plea suggests them to. So here, the statutory maximum is what he actually pled to. No, but in California, you gotta read that Blakely in conjunction with Cunningham, right, Cunningham says what the statutory maximum is in the ordinary case. Unless there's a jury finding that merits the upper term. So the statutory maximum here doesn't include the upper term, does it? Well, the facts of the case merit the upper term. It's not the jury finding. It's the fact that the defendant had guilty. Is that what Cunningham holds? That's what Cunningham and Blakely hold. Blakely and Cunningham are much of the same. Cunningham talks about the middle term, what was the middle term in California under the determinate sentencing law. I wanted to correct something. Well, why isn't the presumptive term in this case the middle term? He pled to voluntary manslaughter. That has a presumptive middle term. So what facts specifically, and we're not talking about a jury finding, because he voluntarily accepted a plea agreement. But can you go to the record and tell us what facts did he admit to that would render the upper term the presumptive term in this case? And it would have to be, I'm assuming, beyond just the ordinary voluntary manslaughter case, correct? Voluntary manslaughter, no. Voluntary manslaughter plus use of a gun equals violent conduct indicating a serious danger to society. That is a factor in aggravation. I wanted to respond to the second factor in aggravation. Dean's prior convictions are increasingly serious. Under California law, and that's cited by the district court, People v. Clark, the offense for which a defendant is being sentenced may be considered in determining that his or her convictions are increasingly serious. But what do you do with the statutory language that specifically limits it to prior convictions? Well, this is an interpretation of the California Court of Appeal, and California courts are the final expositors of California law. And what case is that? That is People v. Clark, CALAP 4th, 663-662. I'm sorry, give me the citation. I'm sorry, Your Honor. It's People v. Clark, 12, CALAP 4th, 663-66. OK, and what appellate district is that? I don't have it. It is cited by the district court, but it is the Court of Appeal for the state of California. Yeah, but I'm wondering if this goes back, does this go back into the same appellate district? Because, of course, the California superior courts are bound by the decisions in their appellate district. The others are persuasive only. I don't recall the district, Your Honor. But I do note that this is well-established in California. And I wanted to clarify one matter. This is not a question of harmless error. I never mentioned harmless error at all. I didn't apply breadth. I didn't cite any of the harmless error standards. So appellant's argument is not correct. This is not a harmless error case. The only issue is whether the defendant, by his plea, gave the trial court the legal authority to impose the upper term. All right, so the state's not depending on harmless error. No, Your Honor, I'm not. You're either saying the state court was correct or the writ should issue, right? I'm saying that the state court had the legal authority to impose the upper term. And legal authority is the beginning and end of the Sixth Amendment inquiry. Right, and if we disagree with you and conclude that it didn't have the legal authority, then we should issue the writ. You should issue the writ or remand it? I agree, Your Honor. Let me make sure I understand your argument. You're saying that by virtue of his plea and admission to the facts that would support a voluntary manslaughter conviction and the use of a firearm in the commission of that offense, there's two grounds to render him eligible for the upper term here. One is the use of a gun in the commission of voluntary manslaughter, which takes it outside of the ordinary case. And that renders him eligible. The second is that his prior criminal history demonstrates increasing seriousness. And you'd have to then rely on the current case as being an escalation in criminal conduct in order for that basis to really render him eligible for the upper term. And that is correct, Your Honor. And that is California law. Unless the court has any questions at all, I'd like to submit it on the briefs. You have just a follow-up question. Now, you said just business about, well, I guess the holding in Clark, which I haven't read, that the offense of conviction can be considered in determining whether the defendant's been convicted of increasingly serious crimes, right? That's correct. OK, now, and then after you brought Clark up, you said this is a well-accepted proposition in California, right? Yes, it is. Are there any other published opinions besides Clark on this when he says well-accepted? I'm not aware of that. I just know that this is something that is often cited in unpublished decisions, Your Honor. So you've seen a number of unpublished decisions that rely on Clark. Yes, but I'm not aware because I haven't looked. But I have relied on this particular fact in my cases as well. But at the same time, you don't know of any case from some other court of appeal that holds to the contrary. I'm not aware of any case that holds to the contrary. Thank you, Your Honor. I think this is well-established now. So it's well-established that the statute doesn't really mean precisely what it says, because I'm just reading the statute as an aggravating factor. Defendant's prior convictions as an adult are numerous or of increasing seriousness. So they don't confine it to prior. They don't consider it. OK, well, I'll read Clark and see if I agree with you. And I agree with you. Thank you, Your Honor. Unless the court has any further questions, I'd like to submit it on the brief. Thank you very much. Thank you. Would you like me to respond? Have you heard of this Clark case before? No, I'm not aware of it. Well, French held that the plea agreement did not implicitly admit any facts supporting a maximum sentence under the plea agreement. The defendant's stipulation to a factual basis was not an admission to any aggravating circumstance. And that sentencing based on the finding of an aggravating circumstance violated the right to a jury trial. In this particular case, I mean, even under the increasing seriousness, supposedly had the judge found or based his sentence on the aggravating circumstance of increasing seriousness. I don't think two convictions is numerous convictions. But in this particular case, a jury that was considering that issue might not find that to be the case, because there was evidence in this record showing that he might have acted in self-defense. Is that a jury question? Well, that would be a jury question if it was presented to the jury. No, no, no. We're talking about increasingly seriousness. Well, what you said, if that were presented to the jury. But that's not a jury question, is it? Well, it would be if that was the basis for the aggravated sentence. It would have to go before a jury based on that. Well, you know, on that one, I'm afraid I have trouble understanding how, if the first conviction is for misdemeanor battery, and the second one is for driving without a license and insurance, and the third one is for homicide, manslaughter but homicide, how those can be anything other than increasing seriousness. If he acted in self-defense, it wouldn't. Well, but if he acted in self-defense, I'm assuming that's factored into the fact that we now have a guilty plea for manslaughter. I mean, he acted in self-defense isn't going to make the guilty plea go away. No, but it would affect an aggravating circumstance, whether the jury could find that he acted in self-defense. Yeah, but I have to say, a voluntary manslaughter is more serious to me than driving without a license. Well, they could come to the conclusion that, you know, by acting in self-defense, these offenses did not increase in seriousness. OK. Got it. OK, thank you very much. Bean v. Kate is now submitted for decision.
judges: Tashima, Fletcher, Nguyen